UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | Criminal No. 4:20-cr-446 |
| v. | § § | |
| NIKESHA DIXON | § § § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas; and Andrew Tamayo and Justin Woodard, Trial Attorneys, United States Department of Justice, Criminal Division, Fraud Section; and the Defendant, Nikesha Dixon ("Defendant"); and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreements

1.  Defendant agrees to plead guilty to Count One, Object (b) of the Superseding Indictment. Count One, Object (b) charges the Defendant with Conspiracy to Commit Health Care Fraud, in violation of Title 18, United States Code, Sections 1349 and 1347. Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment proven to a jury or a judge beyond a reasonable doubt.

### Punishment Range

2.  The statutory maximum penalty for each violation of Title 18, United States Code, Sections 1349 and 1347, is a term of imprisonment of not more than ten years and a fine of not more than $250,000 or, alternatively, not more than the greater of twice the gross pecuniary gain

1

derived from the offense or twice the gross pecuniary loss to a person other than the defendant. *See* Title 18, United States Code, Section 3571(d). Additionally, Defendant may receive a term of supervised release after imprisonment of not more than three years. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for no more than two years, without credit for time previously served on post-release supervision. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea

of guilty, and Defendant affirms that she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Exclusion from Federal Health Care Programs

5.  Defendant understands and acknowledges that as a result of this plea, Defendant will be excluded from participating in all federal health care programs, including the Medicare and Medicaid Programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government to effectuate this exclusion within sixty days of receiving the documents. This exclusion will not affect Defendant's right to apply for and receive benefits as a beneficiary under any federal health care program.

### Cooperation

The parties understand this Plea Agreement carries the potential for a motion for departure under Section 5K1.1 of the United States Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney's Office for the Southern District of Texas and the United States Department of Justice, Criminal Division, Fraud Section. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Defendant agrees to persist in her plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in Paragraphs 21 through 25 of this Plea Agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

Defendant understands and agrees that the usage "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant—including, but not

limited to, health care fraud. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas; the United States Department of Justice, Criminal Division, Fraud Section; and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) At the Government's specific request, Defendant agrees to provide to the United States all documents in her possession or under her control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, *if any*, not meet Defendant's expectations, Defendant understands that she remains bound by the terms of this Plea Agreement and that she cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford Defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collateral[ly] attack" a judgment of conviction and sentence after they have become final. Defendant knowingly and voluntarily waives the right to appeal or "collateral[ly]

4

attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute to which the Defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this Plea Agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction and not a promise; **did not induce her guilty plea**; and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated Guidelines range.

8. Defendant understands and agrees that each and all waivers contained in this Plea Agreement are made in exchange for the concessions made by the United States in this Plea

Agreement.

## The United States' Agreements

9. The United States agrees to each of the following:

   (a) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that she receive a two-level downward adjustment under Section 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines;

   (b) If the Court determines that Defendant qualifies for an adjustment under Section 3E1.1(a) of the Sentencing Guidelines and Defendant's offense level is 16 or greater, the United States may move under Section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently. The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement;

   (c) If Defendant substantially assists the United States, and a Motion is made to the Court pursuant to Section 5K1.1 of the Sentencing Guidelines, the United States will recommend to the Court that the reduction in sentence be subtracted from the low end of the applicable guideline range or from the statutory maximum, whichever is lower; and

   (d) If Defendant pleads guilty to Count One, Object (b) of the Superseding Indictment, and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts, if any, at the time of sentencing.

## Agreement Binding – Southern District of Texas and U.S. Department of Justice, Criminal Division, Fraud Section Only

10. The United States Attorney's Office for the Southern District of Texas and the United States Department of Justice, Criminal Division, Fraud Section agree that they will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Superseding Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas; the United States Department of Justice,

Criminal Division, Fraud Section; and Defendant. It does not bind any other United States Attorney or any other component of the Department of Justice. The United States Attorney's Office for the Southern District of Texas and the Department of Justice, Criminal Division, Fraud Section will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right to:

   (a) Bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) Set forth or dispute sentencing factors or facts material to sentencing;

   (c) Seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) File a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

   (e) Appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application

of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to be run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

13. The United States and Defendant agree to *recommend* to the Court that, based on the Factual Basis for the guilty plea in Paragraph 14, the following Sentencing Guidelines apply:

(a) The amount of loss attributable to the Defendant for the purpose of sentencing is approximately $26.4 million, which corresponds to a 22-level offense level increase pursuant to Section 2B1.1(b)(1)(J) of the Sentencing Guidelines;

(b) The Defendant's offense involved 10 or more victims, which corresponds to a two-level offense level increase pursuant to Section 2B1.1(b)(2) of the Sentencing Guidelines; and

(c) The Defendant has been convicted of a Federal health care offense involving a Government health care program, namely Medicare, and the loss to Medicare was more than $7 million, which corresponds to a three-level increase pursuant to Section 2B1.1(b)(7) of the Sentencing Guidelines.

Defendant and the United States understand and agree that either party may assert at sentencing that additional Sentencing Guidelines provisions—other than those above to which the parties agree—do or do not apply, and may argue in favor or against any such additional Sentencing Guidelines provisions.

**Rights at Trial**

14. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this Plea Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. But if Defendant desired to do so, she could testify on her own behalf.

**Factual Basis for Guilty Plea**

15. Defendant is pleading guilty because she *is* guilty of the charge contained in Count One, Object (b) of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

**NIKESHA DIXON** was a resident of Houston, Texas, and was the office manager of Neighborhood Empowerment and Transformation, Inc. ("NEAT"), a purported medical clinic operating in Houston. NEAT, a Medicare provider, submitted claims to Medicare for purportedly rendering services to Medicare beneficiaries, including chronic care management ("CCM"), behavioral health integration ("BHI"), evaluation and management ("E/M"), and transitional care management ("TCM"), among others. Yavonne Hand ("Hand") was the owner of NEAT. Physician 1 was a physician licensed to practice in the State of Texas who reassigned his/her Medicare benefit to NEAT in or around March 2018, which allowed NEAT to bill Medicare on Physician 1's behalf.

From in or around April 2018, and continuing through in or around October 2019, in the Southern District of Texas and elsewhere, **NIKESHA DIXON** conspired with Hand and others to submit and cause to be submitted false and fraudulent claims to Medicare for providing CCM, BHI, E/M, TCM, and other services that were not actually provided. In or around March 2018, after Hand had enrolled NEAT with Medicare, Hand obtained a reassignment of Medicare benefits from Physician 1. Hand and **NIKESHA DIXON**, as well as NEAT employees acting at the direction of Hand and **NIKESHA DIXON**, billed Medicare for CCM, BHI, E/M, and TCM services purportedly rendered by Physician 1 using Current Procedural Terminology ("CPT") codes in pre-defined "series." These "series," as **NIKESHA DIXON** knew, were fabricated because they were not based on actual services rendered by Physician 1 or any other medical professional and were billed repeatedly and often without variation among the approximately 90 beneficiaries for whom NEAT claimed to have rendered services. Many of these beneficiaries had previously been patients at a different medical clinic in Houston, where **NIKESHA DIXON** had been the office manager and Hand had contacts with the owners and employees. In some cases, NEAT billed Medicare for purportedly providing services to beneficiaries who were in prison or at other inpatient medical facilities at the time of the alleged services.

During the relevant time period, **NIKESHA DIXON** caused NEAT to bill Medicare at least $26.4 million on claims for services that were purported to be rendered by Physician 1 to beneficiaries but that were never provided. The money that Medicare paid NEAT was deposited into accounts controlled by Hand, who used those funds to pay **NIKESHA DIXON** and other office staff at NEAT. While the vast majority of the Medicare proceeds went to Hand and were used to support her extravagant lifestyle, **NIKESHA DIXON** personally profited in the approximate amount of $300,500, which the parties agree is the amount subject to forfeiture.

## Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. Failure to fulfill completely all of the obligations under this Plea Agreement includes, but is not limited to, failure to tender the Plea Agreement to the Court, making false or misleading statements before the Court or to any agents of the United States, committing any further crime, or attempting to withdraw the plea after the Court accepts Defendant's guilty plea. If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution, Forfeiture, and Fines

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) no later than <u>two weeks after the re-arraignment</u>. Defendant agrees to authorize the release of all financial information requested by the United

States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks that have custody of her assets to deliver all funds and records of such assets to the United States. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

20. Defendant agrees to pay full restitution to the victims regardless of the counts of conviction. Defendant stipulates and agrees that as a result of her criminal conduct, the victims incurred a monetary loss of approximately $7 million, the total Part B payments by Medicare to NEAT caused by **NIKESHA DIXON**. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of Paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court. Nothing in this Agreement shall preclude Defendant from arguing under 18 U.S.C. § 3664(h) that an amount less than the entire amount of

loss should be apportioned to her for restitution purposes, and nothing in this Agreement precludes the Court from exercising its discretion to apportion an amount of restitution less than the entire amount of loss to Defendant.

**Forfeiture**

21. Defendant stipulates and agrees that the property listed in the Superseding Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22. Defendant stipulates and agrees that the Defendant obtained approximately $300,500 from the criminal offenses and that the factual basis for her guilty plea supports the forfeiture of $300,500. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Codes, Section 853(p), exists. Defendant agrees to forfeit any of her property in substitution, up to a total forfeiture of $300,500. Defendant agrees to the imposition of a personal money judgment in that amount.

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure.

25. Subject to the provisions of Paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

26. Defendant understands that, under the Sentencing Guidelines, the Court is

permitted to order Defendant to pay a fine that is sufficient to reimburse the United States for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of Paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding. (Continued on the next page.)

## Complete Agreement

27. This written Plea Agreement, consisting of 17 pages, including the Plea Agreement Addendum, constitutes the complete agreement between the United States, Defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on October 27, 2021.

_____
NIKESHA DIXON
Defendant

Subscribed and sworn to before me on October 27, 2021.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JENNIFER B. LOWERY
Acting United States Attorney

ALLAN MEDINA
Chief, Health Care Fraud Unit
Fraud Section, Criminal Division
U.S. Department of Justice

By: _____
ANDREW TAMAYO
JUSTIN WOODARD
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice

_____
JASON JOHNSON
Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Case No. 4:20-cr-446 <br> <u>UNDER SEAL</u> |
| NIKESHA DIXON | § § | |
| Defendant. | § | |

PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant her rights with respect to the Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines that may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   10/26/21
JASON JOHNSON                      Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual that may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Plea Agreement, and I voluntarily agree to its terms.

_____   10/26/21
NIKESHA DIXON                     Date
Defendant